Tompkins, J.,
delivered the opinion of the Court.
John Smith, the plaintiff in error, brought an action of ejectment against the defendant in error, to recover lands, lying in Washington county. The plea was not guilty, and a verdict was found for the defendant, and judgment was given accordingly.
From the bill of exceptions it appears, that one John Cooper was admitted to have been once possessed in fee -of the land in dispute. The plaintiff produced a deed, purporting to be executed by one John Cooper, and acknowledged by him before Richard S. Thomas, Judge of the Southern Circuit, by which the premises were conveyed to the plaintiff. To prove the execution of this writing, the plaintiff read the deposition of Richard S. Thomas. In this deposition Thomas states, that a man, calling himself John Cooper, acknowledged the deed before him, and that this man was personally unknown to him. There were two subscribing witnesses to the deed, neither of whom were present. The defendant objected to the reading of the deed, and the Court sustained the objection. In support of the judgment of the Circuit Court, the defendant’s counsel insist, among other things, that the acknowledgment is not evidence of the execution of the deed. The law arising on this point is plain; Phillips, p. 356, says, that the execution of every instrument that is attested, whether under seal or not, ought to be proved by a subscribing witness, if he can be produced, and is capable of being examined. In page 357, of same author, it is said, that an acknowledgment by the obligor himself, admitting that he executed a bond, will not dispense with the testimony of the subscribing witness. The plaintiff here did not pretend to account for the absence of the witnesses. It is obvious, that the Legislature did not intend the acknowledgment of a deed before an officer, to *480 be made for any other purpose than to give notice to all the world of the transfer of the land, in the deed mentioned, and the consequences were, that if a purchaser failed to have his deed acknowledged, or proved and recorded, according to law, that a subsequent sale by the maker of such deed to a fair purchaser, was good to convey the same premises.
The Court conceives, that the case is sufficiently disposed of by the decision of this point, and that it is useless to decide the others, The judgment of the Circuit Court is affirmed.